Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50314 | **DATE** | 7/14/2003 |
| **CASE TITLE** | Carter vs. National International Roofing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Defendant's Motion to Compel is granted. This Court limits the discovery of Plaintiff's mental health records to only those records from Bennett & Bennett created within five years from the date Defendant made the request. The parties are to file an agreed protective order within fourteen days of the date of this Order limiting the use of Plaintiff's mental health records to only this litigation and not allowing the disclosure of Plaintiff's mental health records to the general public. If the parties cannot agree on a protective order, then this Court orders each party to submit their version of the protective order within fourteen days of the date of this Order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 15 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 19 |
| | Copy to judge/magistrate judge. | 7/14/2003 | |
| | | date mailed notice | |
| sp | courtroom deputy's initials | sp | |
| | | mailing deputy initials | |

Date/time received in central Clerk's Office

(stamp: U.S. DISTRICT COURT CLERK 03 JUL 14 PM 3:39 FILED-WD)

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

National International Roofing Corp. ("Defendant") filed, on April 4, 2003, a Motion to Compel Mental Health Records ("Motion to Compel"). On April 14, 2003, Defendant's Motion to Compel was presented and continued to June 18, 2003. On June 18, 2003, this Court set July 2, 2003 for Heather Carter ("Plaintiff") to respond to the Motion to Compel. As of July 14, 2003, Plaintiff has not responded. For the following reasons, Defendant's Motion to Compel is granted.

Plaintiff filed suit under the Civil Rights Act of 1964 and 1991, with jurisdiction based on 42 U.S.C. §2000, *et seq*, against Defendant for wrongful discharge in retaliation for complaining of sexual harassment and sex discrimination by Plaintiff's superiors. (Am. Compl. at ¶6). Plaintiff is seeking damages for her alleged wrongful discharge which occurred on or about August 6, 1999. Among the damages Plaintiff seeks, according to Defendant, are losses relating to mental injury Plaintiff suffered as a result of her wrongful discharge. This allegation takes her complaint out of the "garden variety" emotional distress claim. *See Nolan v. Int'l Bros. of Teamsters Health & Welfare and Pension Fund, Local 705*, 199 F.R.D. 272, 276 (N.D. Ill. 2001). Additionally, Defendant alleges Plaintiff seeks monies paid to her psychologist at Bennett & Bennett. Defendant argues that because Plaintiff is seeking these damages, the records of Bennett & Bennett relating to the treatment of Plaintiff are relevant.

Federal Rules of Civil Procedure 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... ." Fed. R. Civ. P. 26(b)(1). Additionally, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

After balancing the benefit to Defendant against the burden on Plaintiff in disclosing her mental health records, this Court finds Plaintiff's mental health records are relevant to Plaintiff's claim and thus are discoverable under 26(b)(1). If Plaintiff contends that the wrongful discharge in retaliation for complaining of sexual harassment resulted in the infliction of injuries to Plaintiff's emotional well-being and seeks recovery for those injuries, then Defendant is entitled to discovery of Plaintiff's treatment for those emotional injuries. However, because this Court is unaware whether Plaintiff has been seeing a mental health professional for many years or only recently, this Court is not prepared to allow Defendant Plaintiff's mental health records dating back to Plaintiff's childhood, if they exist. Rather, this Court will limit the discoverable material to Plaintiff's mental health records from Bennett & Bennett to within five years from the date Defendant made the request. Lastly, due to the sensitive nature of Plaintiff's mental health records, this Court orders the parties file an agreed protective order within fourteen days of this Order limiting the use of Plaintiff's mental health records to only this litigation and not allowing the disclosure of Plaintiff's mental health records to the general public. If the parties cannot agree on a protective order, then this Court orders each party to submit their version of the protective order within fourteen days of the date of this Order and this Court will issue a protective order.

For the above stated reasons, Defendant's Motion to Compel is granted.